

**T**HE **C**ITY OF **N**EW **Y**ORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**BRIAN J. FARRAR**
Assistant Corporation Counsel
Phone: (212) 341-0797
Fax: (212) 788-0367
Email: bfarrar@law.nyc.gov

May 9, 2011

**BY ECF**
Honorable John Gleeson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>Jesus Velez v. City of New York, et al.</u>
     CV 10 5040 (JG) (RLM)

Your Honor:

  I am the Assistant Corporation Counsel assigned to represent defendants City of New York and Alberto Angilletta in the above-referenced matter. Enclosed please find a *Stipulation of Settlement and Order of Dismissal* which has been signed by the parties and is being submitted for the Court's endorsement and filing.

  I thank the Court for its attention to this matter.

               Respectfully submitted,

                /S
               Brian J. Farrar
               Assistant Corporation Counsel

Enc.
cc: Richard J. Cardinale, Esq. (by ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

JESUS VELEZ,

                                Plaintiff,

            -against-

THE CITY OF NEW YORK, DETECTIVE ALBERTO
ANGILLETTA, tax # 917233, POLICE OFFICERS
JOHN DOES 1 through 3,

                                Defendants.
------------------------------------------------------------------- X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

10 CV 5040 (JG) (RLM)

      **WHEREAS**, plaintiff Jesus Velez commenced this action by filing a complaint on or about November 1, 2010, alleging violations of his federal civil and state common law rights; and

      **WHEREAS**, defendants City of New York and Alberto Angilletta, have denied any and all liability arising out of plaintiff's allegations; and

      **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

      **WHEREAS**, plaintiff has authorized his counsel to settle this matter on the terms set forth below;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

      1.    The above-referenced action is hereby dismissed against defendants City of New York and Alberto Angilletta, with prejudice, and without costs, expenses, or attorney's fees in excess of the amount specified in paragraph "2" below.

      2.    The City of New York hereby agrees to pay plaintiff Jesus Velez the sum of **NINETEEN THOUSAND DOLLARS ($19,000.00)** in full satisfaction of all claims,

including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against defendants City of New York and Alberto Angilletta, and to release defendants, and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

    3.    Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

    4.    Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

    5.    Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant City reserves the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
_____, 2011

Richard J. Cardinale, Esq.
*Attorney for plaintiff*
26 Court Street, Suite 1815
Brooklyn, New York 11242

By:
_____
Richard J. Cardinale, Esq.

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York and Alberto Angilletta*
100 Church Street, Rm. 3-312
New York, New York 10007
(212) 341-0797

By: _____
Brian J. Farrar
Assistant Corporation Counsel

SO ORDERED:

Dated: New York, New York
_____, 2011

_____
HON. JOHN GLEESON
UNITED STATES DISTRICT JUDGE

3